UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHROME HEARTS, LLC, a Delaware LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOUTIQUE TALULAH, an unknown business entity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:12-cv-00280-MMD-RJJ<br><br>ORDER<br><br>(Def.'s Motion to Set Aside and Vacate Entry of Default – dkt. no. 17;<br>(Pl.'s Request for Attorneys' Fees – dkt. no. 18). |

**I.   SUMMARY**

Before the Court is Defendant's Motion to Set Aside and Vacate Entry of Default (dkt. no. 17) and Plaintiff's Request for Attorneys' Fees (dkt. no. 18). For reasons discussed below, Defendant's Motion is GRANTED and Plaintiff's Request is GRANTED.

**II.   BACKGROUND**

On February 22, 2012, Plaintiff Chrome Hearts, LLC ("Chrome Hearts") filed its original Complaint (dkt. no. 1) against Defendant Boutique Talulah, alleging trademark infringement, trademark dilution, unfair competition, and copyright infringement. (Dkt. no. 1 at 1.)  Plaintiff served Natasha Smith, a manager at Boutique Talulah, by personal delivery on March 9, 2012, and by mail on March 12, 2012.  (Dkt. no. 6.)  On April 19, 2012, defense counsel notified Plaintiff that it had not served Defendant in accordance with Nevada law (dkt. no. 17 at 9), asserting that Plaintiff had not sued a legal entity and

had only served Defendant by mail.[1] (Dkt. no 17 at 2.) On May 7, 2012, Plaintiff filed its First Amended Complaint ("FAC") (dkt. no. 9), naming XRTZ, Inc., the legal entity doing business as Boutique Tallulah, as Defendant. (Dkt. no. 9 at 2.) Plaintiff served the FAC and Summons on XRTZ's Registered Agent, United States Corporation Agents, by personal service on May 9, 2012, and by mail on March 17, 2012. (Dkt. no. 13 at 2, 3.) Accordingly, Defendant had until May 30, 2012, to file an answer or responsive pleading. However, XRTZ's registered agent did not inform Defendant's representative that Defendant had been served until May 16, 2012. (Dkt. no. 17 at 2.) On June 5, 2012, Plaintiff requested entry of default (dkt. no. 15), which the Clerk's Office entered on June 6, 2012. (Dkt. no. 16.) On June 7, 2012, Defendant filed its Motion to Set Aside and Vacate Entry of Default. (Dkt. no. 17.) That same day, Plaintiff emailed Defendant offering to stipulate to setting aside the default provided that Defendant file an answer immediately upon lifting the default. (Dkt. no. 19 at 31.) Plaintiff alleges that Defendant did not respond to its offer. (Dkt. no. 18 at 2.) Defendant never filed an answer.

### III.   DEFENDANT'S MOTION TO SET ASIDE AND VACATE ENTRY OF DEFAULT

#### A.   Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In determining whether good cause exists, a court must consider three factors: "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). These factors, which are consistently referred to as the "'*Falk* factors,'" are

---

[1] Service was improper because Plaintiff did not serve the Summons and Complaint on XRTZ, Inc.'s registered agent, United States Corporate Agents, Inc., or leave a copy at the registered agent's address on file. (Dkt. no. 6.) Pursuant to NRS § 14.020(2), "all legal process . . . to be served upon the corporation . . . may be served upon the registered agent personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State pursuant to chapter 77 of NRS."

2

1  disjunctive. *Brandt*, 653 F.3d at 1111 (quoting *Falk*, 739 F.2d at 463) (emphasis in
2  original). The court may refuse to set aside the default if it holds any one of the three
3  factors is true.  *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d
4  1085, 1091 (9th Cir. 2010).

5  "'[J]udgment by default is a drastic step appropriate only in extreme
6  circumstances; a case should, whenever possible, be decided on the merits.'"  *Mesle*,
7  615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463) (alternation in original).  The *Falk*
8  factors are more liberally applied in the context of a clerk's entry of default than in the
9  default judgment context.  *Mesle*, 615 F.3d at 1091 n.1 (quoting *Cracco v. Vitran Exp.,*
10 *Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)); *see also Haw. Carpenter's Trust v. Stone*, 794
11 F.2d 508, 513 (9th Cir. 1986).  "'The court's discretion is especially broad where . . . it is
12 entry of default that is being set aside, rather than a default judgment.'"  *Aristocrat*
13 *Techs, Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009)
14 (quoting *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994)).

15 **B.   Analysis**

16 **1.   Whether Defendant engaged in culpable conduct**

17 "A defendant's conduct is culpable if he has received actual or constructive notice
18 of the filing of the action and *intentionally* failed to answer."  *TCI Group Life Ins. Plan v.*
19 *Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).  In order for a failure
20 to answer to be intentional, "the movant must have acted with bad faith."  *Mesle*, 615
21 F.3d at 1092.  "A movant cannot be treated as culpable simply for having made a
22 conscious choice not to answer."  *Id*.  If a defendant neglectfully[2] fails to answer, yet
23 offers a "credible, good faith explanation negating any intention to take advantage of the
24 opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal
25 process[,]" he or she is not necessarily culpable.  *TCI Group*, 244 F.3d at 697-98

---

[2]In this context, "'[n]eglect' 'encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'"  *TCI Group*, 244 F.3d at 697 (quoting *Pioneer Inv. Servs Co.v. Brunswick Assocs Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

3

(holding that defendant's family emergency explanation for missing the deadline to answer a motion for summary judgment was "weak, but not the result of 'deviousness or willfulness.'") (quoting *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000)). Culpable behavior "usually involves conduct by parties that is calculated to help them retain property in their possession, and avoid liability by staying out of court: for instance, when companies act to avoid service in order to thwart their customers' attempts to bring suit against them." *Mesle*, 615 F.3d at 1094.

Whether or not Defendant engaged in culpable conduct is a close question. The only explanation Defendant offers for failing to submit an answer is that its counsel misunderstood the deadline. (Dkt. no. 17 at 4.) However, the Summons is unambiguous and clearly states that defendant must serve an answer or responsive pleading on plaintiff within 21 days after service of process. (Dkt. no. 12 at 1.) Pursuant to the Nevada Rules of Civil Procedure, service is effectuated when a copy of the Summons and Complaint has been left with "a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State." Nev. Rev. Stat. § 14.020(2). Defense counsel demonstrated its knowledge of the rules governing service of process in Nevada when it informed Plaintiff's counsel that it had not served the original Complaint on Defendant in accordance with Nevada law.[3] (Dkt. no. 17 at 9.) Accordingly, it is unlikely that defense counsel did not understand May 30, 2012, to be the deadline to file an answer or responsive pleading. (Dkt. no. 13 at 2.)

However, Defendant's failure to respond did not allow it to "take advantage" of the opposing party, or "manipulate the legal process." *Mesle*, 615 F.3d at 1093. On the contrary, the only outcome that such a failure could have earned Defendant was what it

///

---

[3] Email from defense counsel to plaintiff's counsel read: "In reviewing matters in this case, my understanding is that there has been no service of process in accordance with Nevada law." (Dkt. no. 17 at 9.)

4

received: an entry of default and a heightened possibility of default judgment in favor of Plaintiff.

Moreover, although Defendant did not respond to Plaintiff's offer to stipulate to setting aside the default, Defendant filed its Motion to Set Aside and Vacate Default one day after the entry of default. (Dkt. nos. 16 and 17.)  *See Mesle*, 615 F.3d at 1092 (setting aside an entry of default where movant responded to the lawsuit as soon as he received notice of the entry of default, which had alerted him to his misunderstanding of the situation). Thus, by quickly responding to the entry of default, Defendant demonstrated that it was not trying to manipulate the legal process.

Accordingly, because Defendant immediately moved to set aside entry of default and because Defendant's explanation for missing the deadline demonstrates that it did not intend "to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," the Court holds that Defendant has not engaged in culpable conduct. *TCI Group*, 244 F.3d at 697-98.

### 2.   Whether Defendant has a meritorious defense

"A party in default . . . is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default."  *Haw. Carpenters' Trust Funds*, 794 F.2d at 513.  The defendant's burden is minimal.  *Mesle*, 615 F.3d at 1094.  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Id.* at 1094 (quoting *TCI Group*, 244 F.3d at 700). "A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs*, 642 F. Supp. 2d at 1233 (quoting *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991)).  "'[M]ere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense' are, however, insufficient to justify upsetting the underlying judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)).  "To permit reopening of the case in the absence of some showing of a

///

meritorious defense would cause needless delay and expense to the parties and court system." *Haw. Carpenters' Trust Funds*, 794 F.2d at 513.

Defendant has not presented any facts which might constitute a defense. Defendant merely asserts that "it does not believe there to be any merit to the claims being made." (Dkt. 17 at 5.) Defendant presents no facts to rebut Plaintiff's allegations that Defendant has engaged in copyright or trademark infringement. *Contra RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007, 1012 (N.D. Cal. 2011) (finding that defendants had potentially meritorious defense in trademark infringement case when defendant claimed that it had never actually used plaintiff's domain names). Therefore, this factor weighs in favor of Plaintiff.

### 3. Whether the Plaintiff will be prejudiced

Plaintiff will not be prejudiced by setting aside the clerk's entry of default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TGI Group*, 244 F.3d at 700. Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 701 (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429 (6th Cir. 1996).

In its Opposition (dkt. no. 18), Plaintiff does not allege that setting aside the clerk's entry of default will prejudice it in any way. Further, because Defendant filed its Motion to Set Aside Default (dkt. no. 17) one day after the Clerk's Entry of Default (dkt. no. 16), it is unlikely that there has been an opportunity for fraud or collusion or that Plaintiff has suffered a loss of evidence or will encounter an increased difficulty of discovery. For these reasons, this factor weighs in favor of Defendant.

Although the Court may refuse to set aside default if it finds one of the factors is true, the Court's discretion remains especially broad. *Mesle*, 615 F.3d at 1091; *Aristocrat Techns*, 642 F. Supp. at 1233. Since two of the three factors in the "good cause" analysis for setting aside a default under Rule 55(c) favor Defendant, the Court grants Defendant's Motion to Set Aside and Vacate Default. Defendant did not engage

in culpable conduct and setting aside the default will not prejudice Plaintiff. Therefore, the Court holds that refusing to set aside the default would be contrary to the Ninth Circuit's long held policy in favor of deciding cases on the merits whenever possible. *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463).

## IV. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

### A. Legal Standard

Rule 60(b)(1) of the Federal Rules of Civil Procedure "permits a court to impose 'just terms' on any order setting aside a judgment." *RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007, 1012 (N.D. Cal. 2011). Accordingly, the district court has the authority to condition the setting aside of a default upon payment of attorney fees and costs. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988). "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Id.*; *see also RingCentral, Inc.*, 781 F. Supp. 2d at 1012; *Brandt v. Am. Bankers Inc. Co. of Fla.*, 653 F.3d 1108, 1110, n.1 (9th Cir. 2011) (ordering that "the default judgment and entry of default be set aside upon [defendants'] satisfaction of certain conditions," including "reimbursement of [plaintiff's] attorney fees associated with [defendants'] motion to set aside the default judgment"); *Haw. Carpenters' Trust Funds*, 794 F.2d at 512 (upholding the district court's award of attorney fees and costs where the non-defaulting party provided a detailed, hourly accounting of attorney fees which did not appear clearly unreasonable).

### B. Analysis

Plaintiff requests $1,950 in attorneys' fees. (Dkt. nos. 20 at 2 and 21 at 2.) Plaintiff has provided a detailed, hourly accounting of its attorneys' fees. (*Id.*) Plaintiff's attorneys, Lori Siderman and Brent Blakely, each submitted a declaration representing the amount of time spent and fees incurred in obtaining entry of default (dkt. no. 15) and in opposing Defendant's Motion to Set Aside and Vacate Entry of Default. (Dkt. nos. 20 and 21.) Because the services rendered were not duplicated and are not clearly

unreasonable, the Court will condition the setting aside of the default upon payment of attorneys' fees and costs.

**V.     CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Set Aside and Vacate Entry of Default (dkt. no. 17) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Request for Attorneys' Fees (dkt. no. 18) is GRANTED.

Dated this 28th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE