UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHROME HEARTS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BOUTIQUE TALULAH, an unknown business entity; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:12-cv-00280-MMD-NJK<br><br>ORDER<br><br>(Def.'s Motion to Reconsider Court Order – dkt. no. 24)<br><br>(Plaintiff's Motion for Attorneys Fees – dkt. no. 26) |

**I.   SUMMARY**

Before the Court is Defendant's Motion to Reconsider the Court's September 28, 2012, Order. (Dkt. no. 24.) For reasons discussed below, Defendant's Motion is denied. Plaintiff's Motion for Additional Attorney Fees (dkt. no. 26) is also denied.

**II.  BACKGROUND**

On February 22, 2012, Plaintiff Chrome Hearts, LLC ("Chrome Hearts") filed its original Complaint (dkt. no. 1) against Defendant Boutique Talulah, alleging trademark infringement, trademark dilution, unfair competition, and copyright infringement. (Dkt. no. 1 at 1.) Plaintiff served Natasha Smith, a manager at Boutique Talulah, by personal delivery on March 9, 2012, and by mail on March 12, 2012. (Dkt. no. 6.) On April 19, 2012, defense counsel notified Plaintiff that it had not served Defendant in accordance

with Nevada law (dkt. no. 17 at 9), asserting that Plaintiff had not sued a legal entity and had only served Defendant by mail.[1] (Dkt. no 17 at 2.)

On May 7, 2012, Plaintiff filed its First Amended Complaint ("FAC") (dkt. no. 9), naming XRTZ, Inc., the legal entity doing business as Boutique Talulah, as Defendant. (Dkt. no. 9 at 2.) Plaintiff served the FAC and Summons on XRTZ's Registered Agent, United States Corporation Agents, by personal service on May 9, 2012, and by mail on March 17, 2012. (Dkt. no. 13 at 2, 3.) Accordingly, Defendant had until May 30, 2012, to file an answer or responsive pleading. Defendant did not file an answer or responsive pleading.

On June 5, 2012, Plaintiff requested entry of default (dkt. no. 15), which the Clerk's Office entered on June 6, 2012 (dkt. no. 16). On June 7, 2012, Defendant filed its Motion to Set Aside and Vacate Entry of Default. (Dkt. no. 17.) That same day, Plaintiff emailed Defendant offering to stipulate to setting aside the default provided that Defendant file an answer immediately upon lifting the default. (Dkt. no. 19 at 31.) Defendant did not respond to Plaintiff's offer. (Dkt. no. 18 at 2.)

On September 28, 2012, this Court granted Defendant's Motion to Set Aside and Vacate Entry of Default on the condition that Defendant pay Plaintiff's attorneys' fees of $1,950. (Dkt. no. 22) On October 15, 2012, Defendant filed this Motion to Reconsider, asking the court to reconsider the portion of the Order entered on September 28, 2012, granting attorneys' fees to Plaintiff. (Dkt. no. 24.)

///

///

---

[1] Service was improper because Plaintiff did not serve the Summons and Complaint on XRTZ, Inc.'s registered agent, United States Corporate Agents, Inc., or leave a copy at the registered agent's address on file. (Dkt. no. 6.) Pursuant to NRS § 14.020(2), "all legal process . . . to be served upon the corporation . . . may be served upon the registered agent personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State pursuant to chapter 77 of NRS."

**III. DISCUSSION**

**A. Legal Standard**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e)[2] and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for

---

[2] Plaintiff brings this motion under Rule 59(e). (Dkt. no. 2 at 2.)

reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

**B.  Analysis**

Here, Defendant does not present new evidence (dkt. no. 2 at 2), but argues the Court committed clear error in (1) awarding attorneys' fees without giving Defendant an opportunity to object to the amount of fees sought, and (2) awarding attorneys' fees to Plaintiff for time spent in opposing Defendant's Motion to Set Aside and Vacate Entry of Default.  Defendant also argues that Plaintiff's counsel's fees are excessive.

**1.  Opportunity to object**

Defendant argues that an award of attorney fees cannot be granted in the absence of a separate motion by Plaintiff requesting attorney fees.  (Dkt. no. 24 at 2-3.)  Although Fed. R. Civ. P. 7(b)(1) provides that "[a] request for a court order must be made by motion," Fed. R. Civ. P. 60(b) permits a court to order that an entry of default be set aside upon satisfaction of certain conditions.  *Brandt v. Am. Bankers Inc. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011).  Accordingly, Plaintiff was not required to file a separate motion for attorneys' fees.

In *Brandt*, the court set aside the default and default judgment once Defendant satisfied the conditions imposed by the Court.  653 F. 3d at 1110.  The conditions imposed by the district court were substantial.  *Id.* at 1110 n.1.  Specifically, the district court ordered that the default judgment and entry of default be set aside upon the defendant's reimbursement of (1) plaintiff's attorney's fees associated with the motion to set aside the default judgment, (2) plaintiff's travel expenses to attend the default judgment hearing, and (3) "reimbursement of the cost of [plaintiff's] mortgage payments, plus $1,500 per month, from the date they filed the complaint until the date of the order setting aside the default judgment." *Id.*

///

Defendant cites *RingCentral, Inc.* in support of its argument that it should have had the opportunity to object to the reasonableness of the fees in question. *RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007 (N.D. Cal. 2011). In *RingCentral*, the court requested that the plaintiff submit a revised fee application in order to determine the amount of attorney's fees to award as a just condition of setting aside the default judgment and underlying default. *Id.* at 1012. However, the revised fee application was only necessary because the court could not ascertain the amount of fees incurred specifically in connection with bringing the motion from the original fee application. *Id.* Although the court permitted defendant to file a response to object to the amount claimed, the court *did not* establish a rule requiring a court to give a defendant time to object to the amount of attorneys' fees claimed when the court conditions the setting aside of an entry of default on the payment of attorneys' fees.

Here, Defendant's conduct unnecessarily and unfairly imposed additional burdens on Plaintiff. Thus, the Court was permitted to condition the setting aside of entry of default on Defendant's payment of Plaintiff's reasonable attorneys' fees, which were readily ascertainable from Plaintiff's Opposition to Defendant's Motion to Set Aside and Vacate Entry of Default. *Cf. RingCentral*, 781 F. Supp. 2d at 1012.

**2.     Fees incurred in opposing the motion**

Rule 60(b) specifically provides that relief from a default judgment may be granted upon "just terms." While Rule 55(c) does not contain a similar provision, courts are likewise permitted to impose conditions on the setting aside of a default. *Nilsson, Robbins et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988) ("it is appropriate to condition setting aside a default upon the payment of a sanction"). A court has wide discretion as to the type of condition. However, "the condition most commonly imposed is that the defendant reimburse the plaintiff for costs incurred because of the default." *Id.* at 1546.

Here, the bulk of Plaintiff's fees were incurred in preparing its Opposition Brief. (Dkt. no. 26 at 4.) Defendant argues that under *Ring Central*, "a court order setting aside

a mere default does not warrant the granting of attorney fees to the party for the time spent in drafting an opposition that did not prevail." (Dkt. no. 24 at 4.) However, Defendant cites to no authority that establishes a bright-line rule prohibiting courts from awarding attorneys' fees for oppositions to motions to set aside defaults.[3] Accordingly, because the Court has wide discretion to impose conditions on the setting aside of a default, which often includes payment of attorneys' fees, Defendant's argument is unpersuasive.

### 3. Reasonableness of attorneys' fees award

Third, Defendant argues that Plaintiff's counsel's fees are excessive. (Dkt. no. 27 at 4.) Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the Court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the

---

[3]Notably, Plaintiff's fees could have been avoided had Defendant responded to Plaintiff's e-mail proposal to stipulate to setting aside the default if Defendant would file an answer. (Dkt. no. 26 at 4.)

sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

### a. Reasonable Hourly Rate

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). A rate determined through affidavits is normally deemed to be reasonable. *Blum*, 465 U.S. 895-96 n.11.

Previously, the Court determined that Plaintiff's attorney's rates were reasonable. The Court declines to alter this original determination. Defendant argues that Brent Blakely's $450.00 fee was unreasonable, considering that an associate, Lori Siderman, also worked on the Opposition. However, the services rendered were not duplicative. Moreover, Plaintiff explains that Blakely's over twenty years' experience litigating similar trademark cases warrants this hourly rate. The Court agrees that this hourly rate is reasonable.

### b. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Plaintiff's counsel expended 5.4 hours on the Motion to Set Aside Default. (Dkt. no. 26 at 5.) Given the importance of the Motion – whether or not this case proceeded depended on the outcome of the Motion – 5.4 hours was not an unreasonable amount of time to expend on the Response.

### 4. Defendant's remaining claims

Defendant attempts to present new arguments that it failed to bring in its Motion to Set Aside and Vacate Entry of Default (dkt. no. 17), and also re-argues issues presented in its Motion. The Court briefly addresses each argument.

First, Defendant argues that Plaintiff should be precluded from requesting fees because it violated Nevada Rule of Professional Conduct 3.5A. Nevada Rule of Profession Conduct 3.5A requires that "[w]hen a lawyer knows or reasonably should know the identity of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed." In support of its argument, Defendant cites *Rowland v. Lepire*, 600 P.2d 237 (Nev. 1979), in which the Nevada Supreme Court remanded to the district court an entry of default and default judgment that had been secured in violation of NRPC 3.5A. *Id.* However, in that case, the plaintiff

1  had secured a default judgment against the defendant when the defendant had
2  requested additional time to file an answer. *Id.* Here, Defendant requested no additional
3  time. Thus, the Clerk properly entered the Defendant's default when Defendant failed to
4  file an answer or responsive pleading by May 30, 2012.

Second, Defendant argues that the actual date of service was the date that service was communicated to defense counsel. (Dkt. no. 24 at 6.) Federal Rule of Civil Procedure 12(a)(1)(A) provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." Plaintiff served the FAC and Summons on Defendant in accordance with NRS § 14.020(2) on May 9, 2012. Accordingly, Defendant was required to serve an answer within 21 days after May 9, 2012, not May 16, 2012, when service was communicated to defense counsel.

Finally, Defendant argues that defense counsel could not know the date when service actually took place. (Dkt. no. 24 at 6). This argument is entirely without merit. The affidavit of service (dkt. no. 13 at 2) states that the Summons and FAC were served on Defendant on May 9, 2012. Defendant was properly served under Nevada law.[4]

### C. Plaintiff's Request for Additional Attorney's Fees

Plaintiff argues that it is entitled to additional fees and sanctions under 28 U.S.C. § 1927, because Defendant has unreasonably and vexatiously multiplied the proceedings in this case. Although the Court denies Defendant's Motion, the arguments contained in the Motion were not so wholly frivolous to warrant sanctions. The Court denies Plaintiff's Motion.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Motion to Reconsider Court Order (dkt. no. 24) is DENIED.

///

---

[4] Moreover, defense counsel should have anticipated such proper service, as it was this counsel who informed Plaintiff that the April 19, 2012 service was improper.

1   IT IS FURTHER ORDERED that Plaintiff's Motion for Additional Attorney's Fees
(dkt. no. 26) is DENIED.

DATED THIS 25th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE