# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHROME HEARTS, LLC, | )<br>) |
| Plaintiff(s), | ) Case No. 2:12-cv-00280-MMD-NJK<br>) |
| vs. | ) REPORT AND RECOMMENDATION<br>) OF ENTRY OF DEFAULT |
| XRTZ, INC., | ) JUDGMENT<br>) |
| Defendant(s). | )<br>) |

This matter comes to the Court on the failure of Defendant XRTZ, Inc. to retain counsel, to appear before the Court at the hearing set for March 25, 2013, and to respond to the Court's order to show cause issued on March 26, 2013. For the reasons stated below, the Court recommends that default judgment be entered against Defendant.

On March 26, 2013, the Court entered an order granting the motion to withdraw by the Defendant's attorney. Docket No. 41. As part of that order, the Court instructed Defendant to retain counsel:

> Corporations may appear in federal court only through licensed counsel. *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). As such, Defendant is hereby **ORDERED** to retain counsel and have counsel enter a notice of appearance in this case no later than April 24, 2013.

*Id.* at 1. The Court warned Defendant that, "[i]f no such notice is made, the Court will recommend that default judgment be entered against Defendant." *Id.* Notwithstanding the Court's order, Defendant has failed to appear with new counsel.

1         On March 26, 2013, the Court also entered an order to show cause why Defendant should not be sanctioned, up to and including entry of default judgment, for failing to comply with the Court's order that it appear for the hearing set for March 24, 2013. *See* Docket No. 42. Defendant's response to that order to show cause was due no later than May 23, 2013. *See* Docket No. 46 (extending deadline).[1] Notwithstanding the Court's order, Defendant has failed to respond to the order to show cause.

        To date, the Court has not received a notice of appearance by an attorney on Defendant's behalf nor a response to the order to show cause nor a request to extend the time to do either. Defendant's willful failure to comply with the Court's orders and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendant has willfully refused to comply with Court orders and to obtain counsel so that it may continue to participate in this case. Indeed, the Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

        Accordingly, in light of the circumstances outlined above, the Court recommends that default judgment be entered against Defendant XRTZ, Inc.

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

---

[1] Notice of both the order granting the motion to withdraw as counsel and the order to show cause were served by mail by the Clerk's Office at Defendant's last known address. *See* Docket No. 44 (mail returned as undeliverable). Defendant's previous counsel also served both orders on Defendant at its last known address. *See* Docket No. 45. In addition, Defendant's previous counsel sent the orders via email to Defendant's representatives. *See id.*

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: May 24, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge