UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHROME HEARTS, LLC, a Delaware LLC, | Case No. 2:12-cv-00280-MMD-NJK |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| XRTZ, INC., dba BOUTIQUE TALULAH, an unknown business entity; and DOES 1-10, inclusive, | |
| Defendants. | |

Before the Court is Magistrate Judge Nancy J. Koppe's Report and Recommendation ("R&R") that the Court enter default judgment against Defendant XRTZ, Inc. (Dkt. no. 47.) Plaintiff has also filed an Application for Default Judgment. (Dkt. no. 49.) Defendant has not objected to the R&R. Nor has Defendant responded to Plaintiff's Application.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R finds that Defendant has failed to retain counsel and have counsel enter an appearance on behalf of Defendant after its former counsel was granted leave to withdraw. The Magistrate Judge also issued an order to show cause as to why Defendant should not be sanctioned for failure to appear for a scheduled hearing. Defendant did not respond to the order to show cause. Based on Defendant's failure to comply with the Court's orders and apparent tactics to delay litigation and disrupt the Court's timely management of its docket, the Magistrate Judge recommended default judgment be entered. Upon review of the R&R and the record in this case, the Court agrees with the Magistrate Judge.

Plaintiff has separately moved for default judgment after the R&R was entered. The Court has reviewed Plaintiff's Application and finds that Plaintiff has satisfied Fed. R. Civ. P. 55's requirements and the factors established by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court thus finds that default judgment is appropriate even setting aside the Magistrate Judge's recommendation.

///

///

///

///

It is therefore ordered that the R&R (dkt. no. 47) is accepted and adopted. It is further ordered that Plaintiff's Application for Default Judgment (dkt. no. 49) is granted. (Dk. no. 49.)

Dated this 20th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE